UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

ANDREA MORROW,

                Plaintiff,

v.

LINDSAY McMAN, *Operations Manager for the Ninth Circuit Court of Appeals*,

                Defendant.

Case No. 3:24-cv-01158-AR

**ORDER TO AMEND**

---

**ARMISTEAD, Magistrate Judge**

    Plaintiff Andrea Morrow, representing herself, brings this action against defendant Lindsay McMan alleging identity theft, federal malpractice, fraud, falsifying legal documents, interfering with a federal lawsuit, personal endangerment, tampering with records, and abuse of power. Morrow also seeks to proceed *in forma pauperis*. As explained below, Morrow's complaint names a defendant that is immune from liability. To avoid dismissal of her lawsuit, Morrow must file an amended complaint that corrects that deficiency.

## BACKGROUND

    Morrow alleges that she has litigation ongoing in the Ninth Circuit Court of Appeals. After filing her opening brief, Morrow submitted additional documents, including a Form 27, a

Page 1 – ORDER TO AMEND

two-page PDF explaining her medical records, and a motion to request an "audit trail for the fact checkers." Morrow alleges that the additional documents she submitted were tampered with after she filed them; that is, her two-page document was now a four-page document. Morrow learned that McMan was responsible, and when she reached McMan by telephone, asked that the extra documents be removed from the docket. McMan told Morrow that she would need to file a motion to remove them. During a second phone call between Morrow and McMan, Morrow "screamed" at McMan. Morrow alleges McMan has restricted her telephone access to other Ninth Circuit clerks, and that her calls to McMan go directly to voicemail. According to Morrow, McMan also has prevented her from contacting people at pacer.gov.

McMan has taken control of her case docket, in Morrow's view, and removed her ability to communicate with the Ninth Circuit Court of Appeals. In doing so, Morrow alleges that McMan has fraudulently created documents, stolen her identity, and is obstructing her access to justice. Morrow seeks $5 million in damages. (Compl., ECF No. 2.)

## LEGAL STANDARD

The court screens cases when a plaintiff is proceeding without prepayment of fees based on an inability to pay them—that is, in forma pauperis. For in forma pauperis cases, Congress directs that "the court shall dismiss the case at any time if the court determines that" the action is: (1) "frivolous or malicious;" (2) "fails to state a claim on which relief may be granted;" or (3) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). The court's screening obligation includes determining whether there are claims capable of being tried by this court, or in other words, are cognizable claims.[1]

---

[1] *See, e.g.*, *O'Neal v. Price*, 531 F.3d 1146, 1151 (9th Cir. 2008) ("After a prisoner applies

Page  2  –  ORDER TO AMEND

The court is generous in construing the pleadings of self-represented plaintiffs, giving the plaintiff the benefit of doubt. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Self-represented plaintiffs are "entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Garity v. APWU Nat'l Lab. Org.*, 828 F.3d 848, 854 (9th Cir. 2016) (per curiam). "Although a pro se litigant . . . may be entitled to great leeway when the court construes his pleadings, those pleadings nonetheless must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong." *Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *see also Stephens v. Biden*, Case No. 3:23-cv-00817-SB, 2024 WL 554274, at *3 (D. Or. Jan. 26, 2024), *adopted by* 2024 WL 665177 (Feb. 15, 2024) ("A court is generally not required to sift through a self-represented litigant's allegations and voluminous exhibits to tease out a valid claim.") (simplified). Under § 1915(e)(2), a complaint is frivolous "where it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

## DISCUSSION

Under § 1915(e), the court must review a complaint to see if a plaintiff seeks monetary relief against a defendant who is immune from such relief. In the Ninth Circuit, absolute immunity extends to court clerks and similar staff, even for what could be considered administrative or ministerial functions, if those functions are "quasi-judicial" in nature. *See, e.g., In re Castillo*, 297 F.3d 940, 951-53 (9th Cir. 2002), *as amended* (Sept. 6, 2002); *Blume v. CA,*

---

for in forma pauperis status and lodges a complaint with the district court, the district court screens the complaint and determines whether it contains cognizable claims. If not, the district court must dismiss the complaint."); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (noting that "section 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners").

Case No. 3:20-cv-1057-SI, 2020 WL 4004215, at *5 (D. Or. July 15, 2020); *see also Rodriguez v. Weprin*, 116 F.3d 62, 66-67 (2nd Cir. 1997) ("A court's inherent power to control its docket is part of its function of resolving disputes between parties. This is a function for which judges and their supporting staff are afforded absolute immunity."). At least one court in this district has determined that a court manager who "failed properly to supervise court clerks, maintained an unconstitutional custom or practice of manipulating the documents filed in cases, and allowed court clerks to manipulate and destroy evidence" was entitled to absolute quasi-judicial immunity. *Blume*, 2020 WL 4004215, at *5.

  Morrow makes similar allegations here – that McMan manipulated her documents when placing them in the docket, told her to file a motion to remove them, stole her identity when docketing documents, and restricted her access to other clerks. These quasi-judicial functions relate to the court's handling of its docket and supervising court staff. Therefore, as currently alleged, McMan is immune from liability for the actions alleged in Morrow's complaint. Should Morrow choose to file an amended complaint, she must identify specific actions that McMan undertook that are not within the court's inherent power to control its docket or other quasi-judicial functions.

\\\\\

\\\\\

\\\\\

\\\\\

\\\\\

## CONCLUSION

For Morrow to proceed further, an AMENDED COMPLAINT that provides enough factual detail to show that McMan engaged in actions that are not entitled to absolute immunity must be filed within 30 days – or **August 30, 2024.** Failure to respond to this Order by August 30, 2024, may mean that the court will recommend dismissing this case. The court DEFERS ruling on Morrow's application for IFP status.

DATED: July 31, 2024.

_____
JEFF ARMISTEAD
United States Magistrate Judge